IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-623-FL

| | |
|---|---|
| PRISCILLA EVERETTE-OATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LOLITA CHAPMAN In Her Individual ) | |
| Capacity; BETH WOOD In Her Individual ) | |
| Capacity; T. VANCE HOLLOMAN In His ) | |
| Individual Capacity; ROBIN HAMMOND ) | |
| In Her Individual Capacity; SHARON ) | |
| EDMUNDSON In Her Individual ) | |
| Capacity; NORTH CAROLINA STATE ) | |
| AUDITOR; and BARRY LONG, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on motions to dismiss and to strike by defendants Lolita Chapman ("Chapman"), Beth Wood ("Wood"), T. Vance Holloman ("Holloman"), Robin Hammond ("Hammond"), Sharon Edmundson ("Edmundson"), and Barry Long ("Long") (DE 130, 132, 134, 136). These motions have been fully briefed and the issues raised are ripe for ruling. For the following reasons, the motion to dismiss by defendant Long is granted, and the remaining motions are granted in part and denied in part.

**STATEMENT OF THE CASE**

Plaintiff, along with former-plaintiff Duarthur Oates, commenced this action on November 10, 2015, in the United States District Court for the Western District of North Carolina, asserting

federal constitutional claims and state common law tort claims arising out of a criminal investigation and indictment of plaintiff.

On September 28, 2016, the court dismissed without prejudice all claims, except for one claim against defendant Wood in her individual capacity (False Public Statements and Seizure, under 42 U.S.C. § 1983). Upon plaintiff's motion construed as a motion to amend complaint, the court on May 23, 2017, allowed plaintiff to file an amended complaint with only certain claims as proposed by plaintiff but not others. In particular, the court allowed plaintiff to proceed on the following claims:

1) Concealment of Evidence and Seizure § 1983 (count two) against defendant Chapman;

2) Fabrication of Evidence and Seizure § 1983 (count three) against defendant Chapman; and

3) Civil Conspiracy and Causing § 1983 violation (count four) against defendants Chapman, Wood, Holloman, Hammond, Edmundson, and Long.

Plaintiff's other proposed claims for malicious prosecution (count one) and denial of equal protection (counts five and six), as well as all claims against former-defendants Gregory McLeod, Gwendolyn Knight, and Ann Howell, were dismissed as futile for failure to state a claim. The court directed plaintiff to file an amended complaint setting forth only those claims and defendants remaining in accordance with the court's May 23, 2017, order. The court directed plaintiff to serve her first amended complaint on defendants Chapman, Wood, Holloman, Hammond, Edmundson, and Long, and directed these defendants to respond after service of the first amended complaint.

Plaintiff filed a first amended complaint on June 5, 2017, largely in accord with the court's directions in the May 23, 2017, but with certain portions foreclosed by the court's order and/or now

subject to challenge by defendants as further discussed herein. Moving defendants seek to dismiss and/or strike portions of plaintiff's first amended complaint as follows:

A.  Defendant Chapman moves to strike 1) references to "Doe" defendants, 2) references to "All Defendants" in headings for claims now denominated as plaintiff's first and second causes of action (concealment and fabrication of evidence in violation of § 1983 against defendant Chapman), and 3) references to conspiracy and conduct of other defendants in allegations regarding the first and second causes of action.

B.  Defendants Holloman, Hammond, and Edmundson move to strike 1) references to "Doe" defendants and "Defendant LGC," 2) references to "All Defendants" in headings for plaintiff's first and second causes of action, and 3) references to conduct of all defendants in allegations regarding the first and second causes of action.

C.  Defendant Long moves to dismiss plaintiff's third cause of action (§ 1983 conspiracy and causing a Fourth Amendment violation) on the basis of statute of limitations. In addition defendant Long moves to dismiss the claim for failure to state a claim and moves in the alternative to dismiss or strike allegations regarding all defendants in the first and second causes of action, and other allegations inconsistent with the court's May 23, 2017, order.

D.  Defendant Wood moves to dismiss plaintiff's third cause of action for failure to state a claim and moves in the alternative to dismiss or strike allegations regarding all defendants in the first and second causes of action, and other allegations inconsistent with the court's May 23, 2017, order.

In response, plaintiff contends that certain references in the first amended complaint were included as scrivener's errors and, otherwise, plaintiff suggests the first amended complaint reasonably reflects the directions in the court's order.

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," on its own initiative or on motion by a party.

A complaint is subject to dismissal if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

    1.  Motions to Strike

        a.  Errors in referencing parties

Certain references that moving defendants seek to strike properly may be considered scrivener's errors on the part of plaintiff. These comprise 1) references "LGC," as "Defendant LGC," 2) and references to "All Defendants" in headings for first and second causes of action. The parties may disregard these references, and in that respect moving defendants' motions to strike are granted.

In addition, plaintiff references "DOES 1-100" and "NORTH CAROLINA STATE AUDITOR" in the caption of her first amended complaint, and describes the "Doe defendants" at paragraph 10 of same. The court, however, did not permit plaintiff to proceed with any claims against unnamed defendants Does, or against the entity North Carolina State Auditor, in its order on plaintiff's motion to amend. (See DE 121 at 28-29). Although plaintiff contends she may seek to amend the complaint at a future date to add heretofore unnamed defendants, plaintiff has not shown good cause for doing so at this juncture. Therefore, the court DIRECTS the clerk to STRIKE "Does 1-100" and "NORTH CAROLINA STATE AUDITOR" from the caption of the case, and the parties may disregard references to Doe Defendants at paragraph 10 of the first amended complaint. Accordingly, in this part, moving defendants' motions to strike are granted.

    b.  Remaining references to defendants

Moving defendants seek to strike references to conspiracy and conduct of defendants other than defendant Chapman in allegations regarding the first and second causes of action in plaintiff's first amended complaint. (See, e.g., First Am. Compl. ¶¶ 129-133, 137-143). Moving defendants contend these allegations are contrary to the directions in the court's May 23, 2017, order. In so arguing, however, moving defendants adopt an approach to the first amended complaint that is too formalistic. Plaintiffs claims unequivocally are limited to the extent set out in the court's May 23,

2017, order. Read in conjunction with that order, and in light of those parts stricken as set forth above, plaintiff's first amended complaint states claims only as set forth in the court's May 23, 2017, order.

Where plaintiff includes legal assertions and factual allegations within the headings of the first and second causes of action that reference conspiracy and conduct of defendants other than defendant Chapman, these legal assertions and factual allegations must be construed to relate only to the claim identified in the court's May 23, 2017, order, specified as "Civil Conspiracy and Causing § 1983 violation (count four) against defendants Chapman, Wood, Holloman, Hammond, Edmundson, and Long." (DE 121 at 28). As discussed in the court's order:

> plaintiff has not stated a claim against [defendants other than defendant Chapman] for concealing or fabricating evidence in violation of the Fourth Amendment. Plaintiff may, however, state a claim against these remaining defendants <u>if they caused</u> defendant Chapman to fabricate or conceal evidence before the grand jury in violation of plaintiff's Fourth Amendment rights, <u>or if they conspired</u> with defendant Chapman to do so. The court addresses these theories of relief in conjunction with plaintiff's conspiracy claim in the next section below.

(Id. at 22-23) (emphasis added). The court then determined in its analysis that "plaintiff has stated a claim for causing a § 1983 violation and for § 1983 conspiracy." (Id. at 26).

While plaintiff could have structured the first amended complaint to reorganize legal assertions and factual allegations more precisely on a claim by claim basis, pleading rules do not require a plaintiff to compartmentalize assertions or allegations as strictly as defendants suggest here. See Iqbal, 556 U.S. at 678 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era."). Although there are limits to the extent to which a court and defendants must scour complaints for operable factual allegations, see, e.g., Evans v. Chalmers, 703 F.3d 636, 651 (4th Cir. 2012) (noting "[w]e reject plaintiffs' suggestion that

defendants—and courts—should scour several-hundred page complaints to discover which affidavit statements plaintiffs allege are fabricated or misleading"), those limits are not exceeded here where the court already has discussed and identified the allegations supporting the claims in this case.

In sum, moving defendants' motions to strike are denied in the part where they seek to strike references to conspiracy and conduct of defendants other than defendant Chapman in allegations regarding the first and second causes of action in plaintiff's first amended complaint.

   2.   Motions to Dismiss

      b.   Defendant Long

Defendant Long argues that the claim asserted against him is time barred, where plaintiff amended her complaint to add defendant Long as a defendant on June 5, 2017, after the statute of limitations had run on the claim.

Plaintiff's § 1983 claims are subject to a three year statute of limitations. See Love v. Alamance Cty. Bd. of Educ., 757 F.2d 1504, 1506 n. 2 (4th Cir. 1985). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995). Accordingly, the issue raised by defendant Long's motion is whether, based on the allegations in the complaint, plaintiff possessed sufficient facts about the harm done to her on or before June 5, 2014, that reasonable inquiry would reveal the cause of action against defendant Long.

According to the first amended complaint, plaintiff was charged in indictment on August 6, 2013, and that indictment and her arrest on August 7, 2013, procured through fabrication and concealment of evidence, constitute an unlawful seizure in violation of her Fourth Amendment

rights. (First Am. Compl. ¶¶ 93-100; 134-140). Defendants, including defendant Long, allegedly caused defendant Chapman to testify falsely to secure that indictment, and conspired to do so. (Id. ¶¶ 35, 40, 74, 93-100; 129-140). As such, by August 7, 2013, plaintiff possessed sufficient facts about the harm done to her that reasonable inquiry would reveal her cause of action based upon conspiracy to effectuate unlawful seizure in violation of the Fourth Amendment.

Plaintiff argues, nonetheless, that her Fourth Amendment rights continued to be violated during the pendency of her prosecution, citing Manuel v. City of Joliet, 137 S.Ct. 911, 918 (2017). Manuel, however, expressly reserved the question of the time period for accrual of a Fourth Amendment claim based upon a prosecution commenced through unlawful act of fabrication or concealment of evidence to obtain warrant or indictment. See id. at 921 (noting argument that such a Fourth Amendment claim accrues on the date of initiation of legal process, and not on the date of dismissal of the prosecution). In addition, this court previously dismissed plaintiff's claim for "malicious prosecution," which claim would have had as an element "criminal proceedings terminated in plaintiff's favor." (DE 121 at 18-19 (quoting Evans, 703 F.3d at 647)). Plaintiff's remaining Fourth Amendment claims are premised, by contrast, upon "additional conduct preceding the indictment" constituting concealment and fabrication of evidence to secure indictment. (Id.). Consistent with the law currently in force, as well as the court's prior rulings, plaintiff's Fourth Amendment claims accrued upon issuance of the indictment secured through fabrication and concealment of evidence.

Plaintiff also suggests that the § 1983 conspiracy claim did not accrue until the last overt act in furtherance of the conspiracy was completed, which she contends was refusal by defendant Edmundson to produce exculpatory evidence by subpoena effectuated on or about September 11,

8

2014. (See First Am. Compl. ¶ 116). A § 1983 conspiracy claim accrues, however, upon completion of "some overt act [that] was done in furtherance of the conspiracy." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996) (emphasis added). Here, one overt act, and the most critical overt act, was defendant Chapman's testimony to the grand jury on or before August 6, 2013. (See Order, DE 121 at 24). Accordingly, plaintiff's § 1983 conspiracy claim accrued on that date, and plaintiff's claim against defendant Long is time barred.

Therefore, defendant Long's motion to dismiss is granted.

  a.  Defendant Wood

Defendant Wood moves to dismiss plaintiff's § 1983 conspiracy claim on the ground that it is based on an implausible factual allegation regarding a motivation of the moving defendants.[1] In particular, she argues that the following allegation is implausible: "During the period of time from January 2000 to present, DEFENDANTS, and each of them, had possession and control of FEMA funds totaling approximately $26 Million . . . ." (First Am. Compl. ¶ 13). They contend that because it is implausible that they had possession of FEMA funds, this discredits "the key theory chosen by Plaintiff that the Defendants retaliated against Plaintiff because of Plaintiff's inquiries about misappropriation of FEMA funds." (DE 135 at 9; DE 137 at 6).

This argument is irrelevant to whether plaintiff has stated a claim for § 1983 conspiracy. In particular, the court's determination that plaintiff has stated a § 1983 conspiracy claim does not depend on the factual allegation cited by defendants Wood and Long. Rather, as noted by the court in its May 23, 2017, order:

---

[1] Defendant Long raised the same argument as an alternative basis for dismissal of the claim against him. Where the court has dismissed the claim against defendant Long as time barred, the court addresses this argument only as it pertains to defendant Wood.

9

> Plaintiff has alleged sufficient facts to state a claim for § 1983 conspiracy to deprive plaintiff of her Fourth Amendment right to be free from unreasonable seizure, against defendants Chapman, Wood, Holloman, Hammond, Edmundson, and Long. In particular, plaintiff alleges that these defendants met and discussed a common conspiratorial objective: On October 8, 2012, it is alleged, defendant Edmundson met with defendants Wood, Holloman, Hammond, and Long; they reviewed the entire folder labeled "Mayor Oates PNC Bank Credit Cards"; and they agreed at that time "to seek the SBI's assistance to prosecute plaintiff for embezzlement due to a lack of 'supporting documentation' and receipts, which they had in their possession, had reviewed, and knew perfectly well were needed by [plaintiff] to prove her innocence." ([Prop. Am. Compl.] ¶ 38). In November and December 2012, it is alleged, defendant Chapman met regularly, two or three times per week, with these defendants; she reviewed the same documentation with them; and they "discussed their plan of having [defendant Chapman] present false testimony to the Grand Jury to secure a 'True Bill' Indictment and criminally prosecute [plaintiff]," by concealing the existence of receipts and supporting documents verifying business purpose of all expenditures. (Id. ¶¶ 43, 76). Finally, it is alleged that defendant Chapman ultimately testified in accordance with their plan before the grand jury on August 6, 2013, (Prop. Am. Compl. ¶ 100).
>
> In sum, these alleged facts permit a reasonable inference that defendants Wood, Holloman, Hammond, Edmundson, and Long caused Chapman to testify as planned, and that defendant Chapman joined in and carried out an overt act in furtherance of the conspiratorial objective, resulting in the deprivation of plaintiff's Fourth Amendment rights. Therefore, plaintiff states a §1983 claim against defendants Wood, Holloman, Hammond, Edmundson, and Long, for causing a constitutional violation and for § 1983 conspiracy, along with defendant Chapman.

(DE 121 at 23-24). Critically, as noted in the May 23, 2017, order, a § 1983 conspiracy requires "a mutual understanding to try to accomplish a common and unlawful plan." Hinkle, 81 F.3d at 421. Here, the court determined that plaintiff alleged a § 1983 conspiracy on the basis of the common and unlawful plan to obtain an indictment against plaintiff by concealing existence of receipts and supporting documents verifying business purpose of all expenditures. (First Am. Compl. ¶¶ 35, 40, 74, 94, 98). It is not an element of a § 1983 claim that plaintiff must allege an additional underlying

10

"motive" for defendants' common and unlawful plan. See Hinkle, 81 F.3d at 421.[2] Accordingly, defendants' argument premised upon a flawed alleged motive is irrelevant to whether plaintiff has stated a claim for § 1983 conspiracy.

In so holding, the court does not and need not determine whether plaintiff's factual allegation concerning control of FEMA funds (see First Am. Compl. ¶ 13) is plausible. However, the court notes that the plausibility of such allegation must be considered at this stage in conjunction with the complaint as a whole and by drawing inferences in the light most favorable to plaintiff. The court leaves for another day whether evidence regarding the issue raised by that allegation may have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a).

Thus, that part of defendant Wood's motion seeking to dismiss plaintiff's § 1983 conspiracy claim for failure to state a claim under Rule 12(b)(6) is denied.

**CONCLUSION**

Based on the foregoing, defendant Long's motion to dismiss (DE 134) is GRANTED, and plaintiff's claim against defendant Long is DISMISSED as time barred. The remaining motions (DE 130, 132, 136), are GRANTED IN PART and DENIED IN PART as set forth herein. In particular, the court STRIKES: 1) references to "All defendants" in the headings for the first and second causes of action, and 2) references to the Doe defendants and to non-party LGC as a "Defendant" in the first amended complaint. The clerk is DIRECTED to STRIKE "DOES 1-100" and "NORTH CAROLINA STATE AUDITOR" from the case caption. In all other respects the

---

[2] As also noted by the court in its May 23, 2017, order, a § 1985 conspiracy claim, by contrast, does require allegation of a particular motive, namely that defendants were "motivated by a specific-class based, invidiously discriminatory animus." Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985). Under that standard, the court determined, plaintiff failed to state a claim for § 1985 conspiracy.

remaining motions are DENIED as set forth herein.  In addition, stay regarding scheduling activities imposed November 7, 2016, is LIFTED, and the parties are DIRECTED to file within **14 days** of the date of this order an updated joint report and plan, pursuant to Federal Rule of Civil Procedure 26(f) and the court's July 1, 2016, initial order regarding planning and scheduling.

SO ORDERED, this the 31st day of October, 2017.

                                              LOUISE W. FLANAGAN
                                              United States District Judge