THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-623-FL

| | |
|---|---|
| PRISCILLA EVERETTE-OATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LOLITA CHAPMAN, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of Plaintiff, Priscilla Everett-Oates, for an order for clarification regarding Defendant's assertion that Plaintiff's attorney, Ryan Stump, has a conflict of interest in this action because he may be a witness. [DE-159]. Defendant, Beth A. Wood, filed a response to the motion [DE-160], Plaintiff filed a reply [DE-161], and the court held a telephonic hearing [DE-162]. For the reasons that follow, the motion is denied.

At the beginning of a deposition of Defendant Lolita Chapman, the following exchange occurred among counsel for the parties:

> Q Good morning, Ms. Chapman. I'm Ryan Stump, one of the lawyers for Ms. Oates. How are you?
>
> A I'm good.
>
> Q All right.
>
> MR. JOHNSON: Mr. Stump, my name is Dan Johnson. I'm one of the lawyers for Beth Wood. My understanding from the complaint is that you may be a witness to some of the events in this case. Do you plan to be both a lawyer and a witness in this case?
>
> MR. BONNER: We haven't made that decision yet, sir, so we'll let you know at the appropriate time when that--when that decision is

made.

MR. JOHNSON: He may be committing himself to being an advocate right now and he may be not able to be that if he's planning to also be a witness.

MR. BONNER: Well, a judge will have to make that determination with all due respect. So we'd like to proceed.

MR. JOHNSON: All right. I'm just raising the point that he may be a witness–

MR. BONNER: Your objection is noted. If you have an objection, please state it for the record. Otherwise let's move forward.

MR. JOHNSON: Right. The defendant Wood is not going to waive the right to raise his role as an advocate and as a witness if he plans to give an affidavit or testify somehow in this case.

MR. BONNER: We assume that you've made an objection, and the record is so noted. Please proceed.

MR. STUMP: Are--are you intending to call me?

MR. JOHNSON: No.

MR. STUMP: Are--are any of the defendants planning to call me?

MR. JOHNSON: I can't speak for them.

MR. STUMP: Other lawyers are present. Are any of the defendants in the case that are present as far as their counsel planning to call me as a witness?

MS. HILL: We haven't made that determination yet.

MR. BONNER: Okay.

MS. HILL: I can't speak to that.

MR. STUMP: Okay.

MR. RABINOVITZ: Yeah. I'm in the same position.

MR. STUMP: Okay. Well, I mean, I don't see the need for me to be called in our case in chief, so I guess the question would be if defense counsel in any way for any of the defendants is planning to, that would be something that you would know instead of just raising that issue now but not knowing.

MR. RABINOVITZ: Well, it seems like we've received two different answers already. One is you haven't made a determination yet of whether you may be called--

MR. STUMP: I don't think it's necessary for me to be called. I'm asking if--if the issue's being raised, it sounds like that's something that's planning on--you're planning on doing.

MR. JOHNSON: I'm planning to--I'm just raising the issue because you have been listed in the complaint to my recollection as a witness to some events. And here it looks like you're getting ready to be an advocate. And 3.7 of the rules of professional conduct relates to that topic. And so I was raising this so that the--you don't go, you know, being an advocate and then plan also to be a witness.

MR. BONNER: Your objection's noted or your concern is noted.

MR. STUMP: Okay. We'll--we'll take a break for a second. We'll take a break for a second.

MR. BONNER: Okay.

MR. STUMP: Let's take a break, and we'll address that.

. . . .

MR. STUMP: All right. So in light of the issue that Mr. Johnson raised and has now cited an ethical rule, we are going to recess the deposition for me to get an opinion from the State Bar and also we'll file a motion with the judge to make a determination at this point if there's an issue with me taking a deposition. Also the fact that no defense counsel will confirm or deny whether they plan on calling me or not, it's not a risk that I'm willing to take or that we are as a-- as the plaintiff's la[w]yers.

MR. BONNER: And I'd like to further add for the record that we'll ask the court to award us costs for today 'cause this issue could have been raised at the time the pleadings were filed in light of the fact that

3

> Mr. Johnson cited the complaint. The complaint was filed as I recall back in June of 2017. Clearly you've read the complaint because you cited the fact that Mr. Ryan Stump was cited in the complaint. This issue could have been raised at the time you raised your answer, and instead here we are now a year later at the time of the deposition of one of the key witnesses who has material facts relevant to the various claims in this case. We think this is untimely. It's a waste of time. It's a waste of judicial resources. And we'll be seeking appropriate compensation for today's time including attorneys' fees.
>
> MR. JOHNSON: This is Dan Johnson again. There are other depositions scheduled this week. Do you plan to take those, Mr. Stump?
>
> MR. STUMP: Ms. Edmundson's will be moved. The other two I believe is Mr. Barry Long and then Vance Holloman.
>
> MR. BONNER: They will go forward.
>
> MR. STUMP: Mr. Bonner plans to take those.
>
> MR. JOHNSON: Okay.
>
> MR. LINDSLEY: So just to be clear, deposition scheduled for Wednesday is now cancelled?
>
> MR. STUMP: That's correct.
>
> MR. BONNER: That's correct 'cause Mr.--
>
> MR. STUMP: I believe that was Sharon Edmundson.
>
> MR. BONNER: Mr. Stump was going to depose her. And so in light of this potential eth[]ical conflict that needs to be resolved beforehand, we will recess that deposition as well, Ms. Edmundson's deposition. Okay. Thank you.
>
> MR. STUMP: Thank you.

Dep. Tr. [DE-159-3] at 4:2–9:22. Stump subsequently received ethics advice from the North Carolina State Bar indicating the situation, as he conveyed it, did not present a disqualifying conflict under Rule 3.7 of the North Carolina Revised Rules of Professional Conduct, but that if opposing

4

counsel was not satisfied, Stump should seek a ruling from the court. [DE-159-1] at 2–5.

The rule at issue provides, in relevant part, as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

or

(3) disqualification of the lawyer would work substantial hardship on the client.

N.C. Rev. R. of Prof'l Conduct 3.7(a). Plaintiff seeks a ruling on Defendant Wood's "objection," arguing that Stump is not a "necessary witness" and so there is no conflict in violation of Rule 3.7. Pl.'s Mot. [DE-159] at 2; [DE-161]. Defendant Wood responded that Johnson did not object to Stump taking Chapman's deposition, none of Defendants suggested or requested that Chapman's deposition be cancelled, none of the Defendants filed a motion to disqualify Stump, and Johnson was merely raising a potential issue to preserve any future objection should Stump attempt to take a dual role. Def.'s Resp. [DE-6] at 5–6, 8–9.

Having considered the briefing and the arguments of counsel, the court finds that the motion is premature. At the deposition, Johnson inquired as to whether Stump would be a lawyer and a witness, and Bonner responded that they had not yet made that decision and would let counsel know at the appropriate time. Johnson did not lodge an objection but indicated he was preserving his right to raise the issue should Stump later attempt to provide testimony in the case. At this point there is only speculation about whether or not Stump may offer testimony or be called as a witness and what his proffered testimony would be, leaving the court unable to apply the relevant factors or to offer more than an advisory opinion on an issue that is not ripe. *See* N.C. Rev. R. of Prof'l Conduct

5

3.7 cmt. 4 ("[A] balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses."). The *Howard v. College of Albermarle* case, cited by Plaintiff, is distinguishable from the present case because in *Howard* a motion to disqualify was before the court, 2016 WL 4384658, at *4–5 (E.D.N.C. Aug. 16, 2016), and here no motion to disqualify Stump has been filed. *See also Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2015 WL 5562293, at *1 (E.D.N.C. Sept. 21, 2015) (considering Rule 3.7 in the context of a motion to disqualify where the plaintiff expected to take defense counsel's deposition and to call him as a witness); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 5439156, at *6 (E.D.N.C. Nov. 8, 2011) (considering Rule 3.7 in the context of a motion in limine to exclude the plaintiff's lead trial attorney from testifying as a rebuttal witness at trial). Accordingly, the motion is denied.

SO ORDERED, this **30** day of October 2018.

Robert B. Jones, Jr.
United States Magistrate Judge

6